Stewart, J.,
dissenting. I am unable to agree with the conclusion of the majority of the court with reference to the taxation of the capital employed, or the property representing it, in a financial institution, the capital of which is not divided into shares, or which has no capital stock.
Ever since Chief Justice Marshall’s historic opinion in M’Culloch v. Maryland, 17 U. S., 316, 4 L. Ed., 579, both by judicial decision and legislative fiat a state can not levy a property tax on federal securities, no matter who may be the owner of them.
Section 5408, General Code, as stated in the majority opinion, deals with three distinct objects of taxation:
*144 (1) “Shares of * * * stockholders in. a financial institution * * * incorporated * * * the capital stock of which is divided into shares.”
(2) “Shares of * * * stockholders in an unincorporated financial institution * * * the capital stock of which is divided into shares held by the owners of such financial institution. ’ ’
(3) “The capital employed, or the property representing- it, in a financial institution the capital of which is not divided into shares, or which has no capital stock.”
I entirely agree with the majority that the shares of a financial corporation may be taxed and that the value of the shares may be ascertained by adding the amount of the capital, the surplus or reserve fund, and the undivided profits, without any deduction of federal securities in those items. This is so because it has long been held that the shares of a financial institution are a property apart from the assets of the institution, and in Ohio the tax on such shares, although levied in the name of the institution, is really a tax on the owners of the shares, and Sections 5672 and 5673, General Code, provide for reimbursement to the financial institution from the shareholders for the payment of the tax assessed on the shares.
I likewise agree that a tax may be levied on the deposits in a financial institution for, again, that tax is on credits which are owned by the depositors.
Where one has a deposit in a financial institution, the relation of debtor and creditor arises, and a deposit, therefore, is not an asset of the institution but is, indeed, a liability because the institution owes the amount of it to the depositor.
In Ohio the tax on a deposit is on property separate and apart from any assets of the bank and, although assessed in the name of the bank, it is really against the depositor, and in Sections 5673-1 and 5673-2, General Code, provision is made for reimbursement to the *145 bank from the depositor for the tax paid on the deposit.
However, in reference to the provision for taxing the capital employed, or the property representing it, in a financial institution, the capital of which is not divided into shares, or which has no capital stock, I am of the opinion that such a tax can not be assessed without first deducting federal securities which are a part of the property to be taxed. Such a tax, as stated in Section 5412, General Code, is on the aggregate amount of the capital, surplus, reserve fund, and the undivided profits. The tax is assessed against the financial institution itself and there is no provision for such institution to recover from any one the tax paid as there is specifically made in reference to a tax on shares or deposits.
It is argued that the tax assesed against such an institution without shares is, in actuality, assessed against the owners of the capital, surplus, reserve fund, and undivided profits, and that such owners are the depositors in the institution.
Admitting that there is no way for the institution to obtain reimbursement from such depositors for the tax paid on the assets, yet it is said that the depositors really pay it because the tax creates a decrease in the assets of the institution in which they have intangible rights. It would not be contended that a tax could be assessed against the capital, surplus, reservé fund, and undivided profits of a bank with shares, without deducting any federal securities from the property assessed, and yet the same argument could be made to the effect that such a tax was against the shareholders because it would decrease the amount of assets in the bank, which they, as shareholders, own.
What depositors oavu the capital, surplus, reserve fund, and undivided profits of a financial institution without shares'?
*146 The majority opinion, asserts that present depositors own it.
Why should one who becomes a depositor today own a share of the surplus and undivided profits of a savings institution, which have been built up by present long-time depositors and by great numbers of past depositors who have drawn out their deposits (and that is all they can get), but whose deposits have built up the surplus assets of the institution?
It seems to me that when it is said that the depositors own the capital, surplus, reserve fund, and undivided profits of a financial institution, it is going to be an impossible task to ascertain what depositors own such assets and in what proportions.
Where a deposit is made in a bank, the bank is a debtor of the depositor, and, assuredly, at least during the corporate existence of the bank, the depositor can receive nothing in excess of the actual deposit he made.
Assuming that the depositors do own the capital employed, or the property representing it, in a financial institution without shares, it seems to me that it would still be unlawful to assess a tax against such property without deducting any federal securities therefrom. A state cannot levy a property tax on federal securities, regardless of who owns them.
It is conceded in the majority opinion that the tax against the capital employed or the property representing it can not be assessed if such capital and property belong to the financial institution itself. In my opinion, the same inhibition against assessing the tax exists, where such capital employed or the property representing it is owned by any person or group of persons whether known or unascertainable. The ownership of the property is not essential. The vice in the tax assessment is in taxing property which includes federal securities, without the deduction of such securities.
*147 In the case of Farmers & Mechanics Savings Bank of Minneapolis v. State of Minnesota, 232 U. S., 516, 58 L. Ed., 706, 34 S. Ct., 354, it was held, in paragraph three of the L. Ed. headnotes:
“A state, in taxing as credits the surplus of a savings bank, ascertained by deducting from its assets the amount of its deposits and other accounts payable, must leave out of the computation of its assets bonds issued by territorial municipalities which are exempt from taxation as the obligations of an agency of the federal government.”
That case concerned a savings bank having no capital stock and taxable under a Minnesota law which provided for ascertaining the surplus remaining after deducting from its assets (other than real estate which was separately assessed) the amount of the deposits and all other accounts payable, the surplus being taxed as “credits.”
The Supreme Court of Minnesota had held that the state law imposed not a franchise but a property tax and that the surplus of the savings bank as thus determined was taxable property.
In the opinion Justice Pitney said:
“It is, however, further suggested that the judgment under review does not sustain a tax upon the bonds as property, but only a tax upon the surplus of the savings bank, computed by taking into the account all of its assets, amounting to about $12,000,000, of which the bonds were only about $700,000, and deducting therefrom its liabilities. But as the surplus is treated as property and taxed as such, it is obvious that some portion of the burden of the tax is attributable to the ownership of the municipal bonds. In Bank of Commerce v. New York City, 2 Black, 620, it was held that the state of New York in taxing the capital of banks according to its valuation must leave out of the calculation that portion of the capital invested in the stocks, bonds, or other securities of the *148 United States not liable to taxation by the state. And see Bank Tax Case, 2 Wall, 200; Home Savings Bank v. Des Moines, 205 U. S., 503, 509.
“It results that the inclusion of the bonds now in question in the list of the assets of plaintiff in error, in ascertaining its surplus for the purpose of imposing a state property tax thereon, was repugnant to the Constitution of the United States.”
There is no claim anywhere in the majority opinion here that the imposition of the tax concerned anything but a property tax, so it seems to me that the decision of the Farmers & Mechanics Savings Bank case, supra, is dispositive of the question before us.
In People, ex rel. Bank of Commerce, v. Commrs. of Texas, 67 U. S., 620, 17 L. Ed., 451, it was held, in the L. Ed. headnotes:
“The stock of the United States, constituting a part or the whole of the capital stock of a bank organized under the banking laws of New York, is not subject to state taxation.
“It makes no difference that the tax is on the aggregate of the tax payer’s property, and the stock is not taxed by name.”
If the capital stock of a bank with shares can not be taxed without deducting any federal securities, how is it legally possible to so tax such capital stock of a savings bank without shares?
It can be much more cogently argued that the tax assessed against the capital of the bank with shares would be borne more acutely by the shareholders than would the tax assessed against the capital of the bank without shares be borne by its depositors.
It seems to me that taxing the capital employed, or the property representing it, and ascertaining its value at the aggregate amount of the capital, the surplus or reserve fund, and the undivided profits, without deducting therefrom any federal sécurities contained *149 therein, is repugnant to the Constitution of the United States, regardless of who the owner of that property may be, and that a judgment upholding such procedure is in direct conflict with the declaration of the Supreme Court of the United States in the Farmers & Mechanics Savings Bank case, supra.
It must be remembered that the present case involves the imposition' of a tax and not a claim for exemption from one. In such a situation, the law must be strictly construed against the taxing authority.